FREDERICK CHARMAN *vs.* SAMUEL HENSHAW & others.

A declaration by F. C., on an account stated, may be supported by evidence of an account rendered by the defendants to C. & Co., and evidence that F. C. did business under the name of C. & Co.

An instruction to the jury that the presumption of a partnership from the use of a name such as is commonly used where a partnership exists is slight and easily rebutted affords no ground of exception.

ACTION OF CONTRACT on an account stated. Trial and verdict for the plaintiff before *Shaw*, C. J. The case was reported to the full court, ard is stated in the opinion.

*C. B. Goodrich,* for the defendants.

*G. H. Preston,* for the plaintiff.

HOAR, J. The plaintiff, having declared upon an account stated, and the defendants, by their answer, having denied that they ever accounted with the plaintiff, or that they owe him the sum claimed, the principal question which arises upon the report is, whether the evidence offered was competent to support the declaration.

The evidence was an account rendered by the defendants to " Charman & Co.," in connection with evidence that the plaintiff alone transacted business under that name, and that the defendants had dealt with him alone under that name. We think the position taken by the defendants cannot be supported; and that it depends upon a mistaken assumption respecting the pleadings. By the practice act, *St.* 1852, *c.* 312, § 2, a plaintiff is permitted to use, in declaring, either of the common counts, " when the natural import of its terms correctly describes the cause of action." If the declaration be upon a written contract, the copy must be annexed, or the legal effect of the contract set forth in the declaration. In such a case, if the contract be with the plaintiff by another name than that in which he sues, this fact must be made to appear by proper averments, or there will be a variance between the declaration and the proof.

But under a declaration upon an account stated, the cause of action is the agreement of the parties to pay the amount due upon the accounting, and not any written instrument. This amount may be made up of various items, and may include sums due upon written instruments as well as upon oral agreements. The evidence to support the account may be wholly in writing or wholly by parol, or in part by writing and in part by parol. In the present instance, the defendants rendered a written account, and the balance which this showed to be due from them happens to be the precise sum for which the plaintiff sues. But this writing is merely evidence of the defendants' assent to that sum as a balance due from them. The assent of the plaintiff is to be proved by other evidence. It may indeed be inferred from the reception and retaining of the account without objec-

tion. But the evidence on either side might as well be by letters, or by any parol evidence which showed an agreement as to the sum due.

The account rendered in writing is not a contract; it is only an admission of sums due upon various, and perhaps, in many instances, executed contracts. It would have been just as com petent for the plaintiff to produce an account rendered which showed a very different balance, and then to show by parol that the parties agreed to various additions and deductions, and so finally arrived at an agreement upon the sum named in the declaration. It is a question of evidence, and not a question of pleading.

The plaintiff had therefore the right to prove that he was the real party with whom the accounting was made. "Charman & Co." is not the name of any person or persons. It is a matter of evidence, to show who were intended by that designation. Even if it had appeared that Charman & Co. represented persons wholly distinct from the plaintiff, it might be proved that they were mere agents, and that he was the person to whom the right of action belonged. *Fuller* v. *Hooper*, 3 Gray, 341. *James* v. *Spaulding*, 4 Gray, 451.

The instruction that the presumption of a partnership from the use of a name such as is commonly used where a partnership exists was a slight one, and easily rebutted, seems to us, under the circumstances of this case, a proper one, and not subject to exception. The presumption that an expression means something, when it cannot be shown what it means, or that it means anything, is a slight presumption. It was, at most, an expression of opinion by the presiding judge upon the weight of evidence, which was still submitted to the jury, and weighed and determined by them.

*Judgment on the verdict for the plaintiff.*